UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
ERROL GODFREY-HILL,                                            :
                                                               :
                                    Plaintiff,                 :
                                                               :          **INITIAL REVIEW**
            -against-                                          :          **ORDER**
                                                               :
RN JOY C. BURNS, and APRN JEAN CAPLAN,                         :          3:23-cv-1497 (VAB)
                                                               :
                                    Defendant.                 :
------------------------------------------------------------- x

Errol Godfrey-Hill ("Plaintiff") is a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC") and incarcerated at the Corrigan-Radgowski Correctional Center ("CRCC").[1] He is proceeding in this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 for violation of his constitutional rights against Registered Nurse ("RN") Joy Burns and APRN (fill in full title) Jean Caplan. Specifically, he requests both damages and injunctive relief for Eighth Amendment violation.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Mr. Godfrey-Hill was sentenced on December 16, 2016 to an eighty year term of incarceration. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=371089.

allegations in the Amended Complaint and conducted an initial review of the allegations therein under 28 U.S.C. § 1915A.

For the reasons that follow, Mr. Godfrey-Hill's Eighth Amendment claims against RN Joy Burns and APRN Jean Caplan in their individual capacities for damages, and official capacities for injunctive relief only may proceed.

I.  FACTUAL BACKGROUND[2]

Mr. Godfrey-Hill is an inmate who has been diagnosed with borderline diabetes and high blood pressure. He takes medication for his blood pressure.

On June 24, 2021, Mr. Godfrey-Hill allegedly has suffered symptoms consistent with a seizure and fell from his top bunk. He allegedly landed on his back, hit his head, and lost consciousness as a result of the fall.

RN Burns allegedly responded and gave Mr. Godfrey-Hill a dose of Narcan for a drug overdose, although Mr. Godrey Hill's cellmate informed her that Mr. Godfrey-Hill was having a seizure. Mr. Godfrey-Hill allegedly had no history of using illegal substances, and his medication allegedly was available on the cell shelf.

Mr. Godfrey-Hill allegedly later had to be transported to a hospital for further evaluation and treatment. Medical staff allegedly placed him on an IV and EKG machine. Medical screening for drugs allegedly returned a negative result. The hospital allegedly discharged Mr. Godfrey-Hill on June 24, 2021, with instructions for follow up care with his medical provider.

On June 25, 2021, the medical unit allegedly required Mr. Godfrey-Hill to return his blood pressure medication. The medical unit also allegedly discontinued his low sodium diet.

---

[2] While the Court does not set forth all of the facts alleged in Mr. Godfrey-Hill's amended complaint, it summarizes his basic factual allegations here to give context to its rulings below.

Mr. Godfrey-Hill allegedly wrote an inmate request to the medical unit about his blood pressure medication but never received a response.

On July 9, 2021, the medical unit allegedly called Mr. Godfrey-Hill in order for him to speak with APRN Jean Caplan. She allegedly provided him with a different blood pressure medication. Mr. Godfrey-Hill allegedly informed her that he had been experiencing severe headaches, back pain, and anxiety about sleeping on the top bunk since his fall on June 24, 2021. He allegedly requested a CT scan, pain medication, and access to a bottom bunk pass. APRN Caplan allegedly failed to afford him any of this requested medical treatment.

On July 13, 2021, Mr. Godfrey-Hill allegedly called to the medical unit for a blood pressure check and was given ibuprofen, which allegedly was not effective for his head aches and lower back pain.

Mr. Godfrey-Hill allegedly continued to experience difficulty sleeping and suffering from backpain and headaches that cause him blurred vision. Mr. Godfrey-Hill allegedly continued to send written requests for adequate medical treatment to no avail. He still has not received a bottom bunk pass or additional treatment. Since his accident on June 24, 2021, he allegedly has not received treatment responsive to his ongoing medical symptoms.

Mr. Godfrey-Hill seeks damages and a court order to provide him with a CT scan and a bottom bunk pass.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration

in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

## III.   DISCUSSION

The Court construes Mr. Godfrey-Hill's complaint as asserting claims under 42 U.S.C. § 1983 for Eighth Amendment violation arising from deliberate indifference to his medical needs by RN Burns and APRN Caplan in their individual and official capacities.

Mr. Godfrey-Hill must allege facts to reflect that any defendant against whom he seeks damages was personally involved in the alleged constitutional violation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal citation and quotation marks omitted). This is true with respect to supervisory officials, as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability").

### A.   The Eighth Amendment Individual Capacity Claims

"The Eighth Amendment prohibits 'deliberate indifference to serious medical needs of prisoners,' which includes needs for mental health care." *Spavone v. N.Y. Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104–105 (1976)). To state a claim for deliberate indifference to a serious medical need, a plaintiff's claim must satisfy both objective and subjective elements. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). First, the alleged deprivation "must be, in objective terms, sufficiently serious." *Id.* (quotations

and citations omitted). "Second, the charged official must act with a sufficiently culpable state of mind." *Id.*

Under the objective prong, the inmate's medical need or condition must be "a serious one." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). Factors relevant to the seriousness of a medical condition include whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted). Moreover, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

To satisfy the second subjective prong, a prison official or medical staff member must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006)."[M]ere medical malpractice is not tantamount to deliberate indifference," unless "the malpractice involves culpable recklessness, i.e., a conscious disregard of a substantial risk of serious harm." *Chance*, 143 F.3d at 703 (internal quotation marks and citation omitted). Further, "mere disagreement over the proper treatment does not create a constitutional claim," and "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id.*; *see also Hathaway*, 37 F.3d at 70 ("We do not sit as a medical board of review. Where the dispute concerns not the absence of help but the choice of a certain course of treatment, or evidenced mere disagreement with considered medical judgment, we will not second guess the doctors."). Whether a course of treatment was

the product of sound medical judgment, negligence, or deliberate indifference depends on the facts of the case." *Chance*, 143 F.3d at 703.

In addition, any Defendant against whom Mr. Godfrey-Hill seeks damages must have been personally involved in the alleged constitutional violation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal citation and quotation marks omitted). This is true with respect to supervisory officials, as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability").

For purposes of this stage of the litigation, Mr. Godfrey-Hill has alleged plausible deliberate indifference claims against both RN Burns and APRN Caplan, based on their alleged failure to provide him with adequate responsive medical treatment for his medical conditions and a bottom bunk pass.

Accordingly, Mr. Godfrey-Hill may proceed on his Eighth Amendment claim against both RN Burns and APRN Caplin in their individual capacities.

B.    **The Eighth Amendment Official Capacity Claims**

In his request for relief, Mr. Godfrey-Hill requests damages and injunctive relief. To the extent Mr. Godfrey-Hill requests damages from Defendants in their official capacities, these claims arenot plausible. The Eleventh Amendment bars a federal court from holding the DOC or any DOC employees in their official capacity liable for money damages. *See Thomas v. N.Y. Dep't of Corr. & Cmty. Supervision*, No. 20-CV-9709 (NSR), 2020 WL 7496357, at *1 (S.D.N.Y. Dec. 21, 2020) ("This immunity shields States and their agencies from claims for

money damages, injunctive relief, and retrospective declaratory relief.") (citing *Green v. Mansour*, 474 U.S. 64, 72-74 (1985) and *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984)).

Mr. Godfrey-Hill may seek official capacity relief against a state official only to the extent that he alleges an ongoing violation of the constitutional rights for which a federal court may enter an order of prospective relief against that official in his official capacity. *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022). Here, Mr. Godfrey-Hill's Amended Complaint plausibly alleges an ongoing Eighth Amendment violation, based on the continuing alleged deliberate indifference to his medical conditions and the ongoing need for a bottom bunk pass.

Accordingly, Mr. Godfrey-Hill's Eighth Amendment claim for injunctive relief may procced against the Defendants in their official capacities.

**IV.    CONCLUSION**

For the reasons stated above, Mr. Godfrey-Hill's Eighth Amendment claims against RN Joy Burns and APRN Jean Caplan in their individual capacities for damages, and official capacities for injunctive relief only may proceed.

The Court enters the following additional orders:

(1) **The Clerk of Court shall** verify the current work addresses for RN Joy Burns and APRN Jean Caplan with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to them at their confirmed addresses by **March 29, 2024**, and report on the status of the waiver request by **April 12, 2024**. If any Defendant fails to return the waiver request, the Clerk of Court shall make arrangements for in-person individual

8

capacity service by the U.S. Marshals Service on that Defendant, and that Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk of Court shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal Service is directed to effect service of the Amended Complaint and this Order on RN Joy Burns and APRN Jean Caplan in their official capacities at the Office of the Attorney General, Mackenzie Hall, 165 Capitol Avenue, Hartford, CT 06106, by **March 29, 2024** and to file a return of service by **April 12, 2024**.

(4) The Clerk of Court shall mail a courtesy copy of the Amended Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(5) The Defendants shall file their response to the Amended Complaint, either an Answer or motion to dismiss, by **June 14, 2024**. If the Defendants choose to file an Answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. The Defendants may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **September 20, 2024**. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed by **October 25, 2024**.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If Mr. Godfrey-Hill changes his address at any time during the litigation of this case, Local Court Rule 83.1(c) provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Mr. Godfrey-Hill must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Godfrey-Hill has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the Defendants or defense counsel of his new address.

(11) Mr. Godfrey-Hill shall utilize the Prisoner E-filing Program when filing documents with the court. Mr. Godfrey-Hill is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** at New Haven, Connecticut, this 8th day of March, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE